[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT, AMERICAN MEDICAL RESPONSE OF CONNECTICUT'S, MOTION FOR SUMMARY JUDGMENT (#109)
This is a personal injury lawsuit brought by the plaintiff, Roger Corso ("Corso") against two defendants, American Medical Response of Connecticut, Inc. (hereinafter "AMR") and Ray Metchick ("Metchick"). AMR has moved for summary judgment in its favor asserting that it has no vicarious liability for the negligent acts of Metchick. For the reasons set forth below, the motion for summary judgment is granted.
BACKGROUND
The essential facts are not in dispute. On April 9, 1996, Edward Colaiacouo drove an AMR ambulance to the Connecticut Vehicle Emissions Testing Center located on Stillman Road, North Haven, Connecticut. The ambulance was taken to the testing center for emissions testing pursuant to § 14-164c of the General Statutes.
While at the testing center, Edward Colaiacouo was ordered from the vehicle and Metchick proceeded to drive the ambulance into the testing area in order to conduct the emissions test. Metchick was employed as a vehicle inspector and was not employed by AMR. The plaintiff, Corso, was also employed as a vehicle inspector. According CT Page 4795 to the Amended Complaint, Corso was injured when Metchick struck him with the ambulance while moving the ambulance within the testing center.
Corso seeks recovery from AMR on a theory of vicarious liability for Metchick's negligence based on the allegation that AMR gave permission for Metchick to operate the ambulance. Specifically, Corso relies on the presumption of agency arising from § 52-183 of the General Statutes. That statute provides:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
§ 52-183.
AMR, while acknowledging the above statute, claims that the facts of this case rebutt any presumption that Metchick was its agent or servant.
DISCUSSION
Pursuant to the Practice Book, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.
Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. Miller v. United Technologies Corp.,233 Conn. 732, 751 (1995). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Id.
In determining whether there exists a genuine issue of material fact, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). "A genuine issue has been variously described as a triable, substantial or real issue . . . and has been defined as one which can be maintained by substantial evidence."United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378 (1969). CT Page 4796
A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. United Oil v.Urban Development Commission, supra, 158 Conn. 379.
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz v. Federal Ins. Co., supra,245 Conn. 381. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. "It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55 (1998).
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). Such issues, however, may become one of law when the mind of a fair and reasonable person could reach only one conclusion. Abrahams v. Young and Rubican, Inc.,240 Conn. 300, 307 (1997).
As stated above, § 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the owner's agent. "Agency is the fiduciary relationship that results from the manifestations of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to act." Restatement (Second) Agency § 1. One essential element of an agency is an understanding between the parties that the principal will be in control of the undertaking. Botticello v. Stefanovicz, 177 Conn. 22,25 (1979).
In this case, it is clear that the requisite control was lacking. AMR had no control over how the ambulance was to be tested at the emissions testing center. The undisputed fact is that AMR's employee was directed to relinquish control of the ambulance to a vehicle inspector (Metchick) during the testing procedure. These facts rebut the statutory presumption of agency. CT Page 4797
Rather than an agency relationship, the facts demonstrate that, at most, the vehicle inspectors at the testing center were independent contractors engaged by AMR to test its ambulance so that it could continue to legally operate the vehicle. A person is not liable for the negligence of an independent contractor even though the independent contractor may be furthering the person's interest. Harper, James Gray, The Law of Torts, Second Edition, § 26.11.[1]
On the present record, there is no factual or legal basis to hold AMR vicariously liable for the alleged negligence of the vehicle inspector. "Common sense is opposed to making one man pay for another man's wrong, unless he has actually brought the wrong to pass according to the ordinary canons of legal responsibility." Holmes, Agency 5 Harv. L. Rev. 1, 14 (1891).
For the reasons set forth above, AMR's motion for summary judgment is granted.
So ordered at New Haven, Connecticut this 26th day of April, 2000.
DEVLIN, JUDGE.